# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AMERICAN CIVIL LIBERTIES UNION
FREEDOM OF INFORMATION ACT (FOIA) REQUESTS
REGARDING EXECUTIVE ORDER 13769**                                   MDL No. 2786

## ORDER DENYING TRANSFER

**Before the Panel:**[*]  Defendants, the U.S. Department of Homeland Security (DHS) and U.S. Customs and Border Protection (CBP),[1] move to centralize thirteen Freedom of Information Act (FOIA) actions in the District of District of Columbia.  The actions, which are pending in thirteen districts, are listed on the attached Schedule A.

Plaintiffs, which are various affiliates of the American Civil Liberties Union, oppose centralization.  If the Panel grants the Section 1407 motion over their objections, plaintiffs ask that the action in the Eastern District of Michigan be excluded, and that the litigation be centralized in the Eastern District of Virginia or, alternatively, in the District of Maine or the Western District of Washington.

On the basis of the papers filed and the hearing session held, we deny Defendants' motion.  The actions arguably share a limited number of factual issues arising out of FOIA requests made by plaintiffs for records concerning CBP's interpretation and implementation – at local international airports and, in the Eastern District of Michigan case, U.S./Canada border crossings – of the January 27, 2017, Executive Order No. 13769, titled "Protecting the Nation From Foreign Terrorist Entry Into the United States," as well as any judicial order or executive directive issued regarding the Executive Order.  But these factual issues, which principally concern the adequacy of CBP's searches for the requested records, as well as CBP's coordination of the searches by its Washington, D.C., headquarters, appear relatively straightforward and unlikely to entail extensive pretrial proceedings. *See Riccardi v. U.S. Dep't of Justice*, 32 F. Supp. 3d 59, 63 (D.D.C. 2014) ("In a FOIA case, where the adequacy of an agency's search is questioned, the Court may grant summary judgment based on information provided in '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'") (quoting *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)).  Indeed, as Defendants acknowledge, these actions probably will not involve <u>any</u> discovery.  *See* Mem. in Supp. of Defs.' Mot. for Transfer, at 16 n.8 (ECF No. 1-1)

---

[*]  Judge Marjorie O. Rendell took no part in the decision of this matter.

[1]  CBP is a component of DHS.

("In the unlikely event that discovery is authorized in these Related Actions, Defendants anticipate that CBP witnesses would be located in Washington, DC, while Plaintiffs would not have any witnesses of their own."); *see also, e.g., Justice v. I.R.S.*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) (noting that in FOIA actions, discovery is "disfavored").[2]

Defendants also contend that common factual questions will inform any review of CBP's determinations to withhold information from disclosure pursuant to FOIA's statutory exemptions. This argument is unconvincing, because the application of those exemptions is a legal issue. *See, e.g., Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007) ("Whether a FOIA exemption justifies withholding a record is a question of law that we review de novo."); *see also Am. Mgmt. Servs., LLC v. Dep't of the Army*, 703 F.3d 724, 729 (4th Cir. 2013) (same).

Although defendants heavily rely on the Panel's 1992 decision in MDL No. 910, In re: Freedom Magazine/Internal Revenue Service FOIA Litigation, and its 1991 decision in MDL No. 892, In re: Church of Scientology Flag Service Organization/Internal Revenue Service FOIA Litigation, those decisions are in at least some tension with more recent Panel precedent. *E.g., In re: Clean Water Rule: Definition of "Waters of the United States,"* 140 F. Supp. 3d 1340, 1341 (J.P.M.L. 2015) (denying federal government defendants' motion for centralization of nine actions pending in seven districts involving challenges to EPA rule, where resolution of the actions would "involve only very limited pretrial proceedings," and discovery, if any, would be "minimal"). Moreover, the decisions are distinguishable. In *Freedom Magazine*, the eight cases were filed by a single plaintiff, which specifically sought records located at the IRS's Washington, D.C. headquarters. *See Freedom Magazine* Transfer Order at 2 (J.P.M.L. Feb. 12, 1992) (unpublished). And, in *Church of Scientology*, "every FOIA request in the litigation was made upon the IRS office in Jacksonville in [the Middle District of Florida, where the cases were centralized]," and related litigation was pending in that district. *See Church of Scientology* Transfer Order at 2 (J.P.M.L.. Sept. 4, 1991) (unpublished). Here, the actions are brought by separate plaintiffs (albeit all ACLU affiliates), and each FOIA request targets a different CBP field office.

Defendants also argue that centralization would reduce litigation costs. They represent, without contradiction, that it was unnecessary for the ACLU plaintiffs to submit a separate FOIA request for each CBP field office, and that the national ACLU, or the various affiliates acting together, simply could have sent CBP headquarters a single FOIA request asking the agency to search the same field offices for the same records covered by the multiple requests. But, the potential for litigation cost savings, without more, does not warrant centralization, particularly where, as here, there is little likelihood of complex pretrial proceedings.

---

[2] In the unlikely event that these cases actually involve a significant amount of duplicative pretrial discovery, Defendants are free to file another motion for centralization.

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

_____
Sarah S. Vance
Chair

Charles R. Breyer              Lewis A. Kaplan
Ellen Segal Huvelle            R. David Proctor
Catherine D. Perry

IN RE: AMERICAN CIVIL LIBERTIES UNION
FREEDOM OF INFORMATION ACT (FOIA) REQUESTS
REGARDING EXECUTIVE ORDER 13769                    MDL No. 2786

## SCHEDULE A

District of Arizona

AMERICAN CIVIL LIBERTIES UNION OF ARIZONA v. U.S. DEPARTMENT OF
    HOMELAND SECURITY, ET AL., C.A. No. 2:17-01083

Central District of California

AMERICAN CIVIL LIBERTIES UNION OF SOUTHERN CALIFORNIA, ET AL. v.
    U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.,
    C.A. No. 2:17-02778

Northern District of California

ACLU OF HAWAI'I, ET AL. v. U.S. DEPARTMENT OF HOMELAND SECURITY,
    C.A. No. 4:17-01970

Southern District of California

AMERICAN CIVIL LIBERTIES UNION OF SAN DIEGO AND IMPERIAL
    COUNTIES v. U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.,
    C.A. No. 3:17-00733

Southern District of Florida

AMERICAN CIVIL LIBERTIES UNION OF FLORIDA v. U.S. DEPARTMENT
    OF HOMELAND SECURITY, ET AL., C.A. No. 1:17-21382

Northern District of Georgia

AMERICAN CIVIL LIBERTIES UNION OF GEORGIA, INC., ET AL. v. U.S.
    DEPARTMENT OF HOMELAND SECURITY, ET AL., C.A. No. 1:17-01309

Northern District of Illinois

AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, ET AL. v. U.S.
    DEPARTMENT OF HOMELAND SECURITY, ET AL., C.A. No. 1:17-02768

- A2 -

**MDL No. 2786 Schedule A (Continued)**

District of Maine

AMERICAN CIVIL LIBERTIES UNION OF MAINE, ET AL. v. U.S. CUSTOMS
AND BORDER PROTECTION, ET AL., C.A. No. 2:17-00132

Eastern District of Michigan

AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN v. U.S. DEPARTMENT OF
HOMELAND SECURITY, ET AL., C.A. No. 5:17-11149

District of Oregon

AMERICAN CIVIL LIBERTIES UNION OF OREGON, INC., ET AL. v. U.S.
DEPARTMENT OF HOMELAND SECURITY, ET AL., C.A. No. 3:17-00575

Southern District of Texas

ACLU FOUNDATION OF TEXAS, INC. v. U.S. CUSTOMS AND BORDER
PROTECTION, ET AL., C.A. No. 4:17-01128

Eastern District of Virginia

AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA, ET AL. v. U.S.
DEPARTMENT OF HOMELAND SECURITY, ET AL., C.A. No. 1:17-00441

Western District of Washington

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON, ET AL. v. U.S.
DEPARTMENT OF HOMELAND SECURITY, ET AL., C.A. No. 2:17-00562